UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                          )
ALFRED NEWBERRY,                          )
                                          )   No. C06-742RSL
               Plaintiff,                 )
      v.                                  )
                                          )   ORDER GRANTING PLAINTIFF'S
FIBERGLASS STRUCTURAL                     )   MOTION FOR LEAVE TO FILE
ENGINEERING, INC., and RANDY              )   AMENDED COMPLAINT AND
RAPOZA,                                   )   ORDER IMPOSING SANCTIONS
                                          )
               Defendants.                )
_____)

This matter comes before the Court on "Plaintiff's Motion for Leave to File Amended Complaint" (Dkt. #24). On February 5, 2007, the Court granted defendants' motion to dismiss with leave to amend. See Dkt. #23. Following the Court's order, plaintiff filed a motion for leave to amend with a proposed complaint for filing. See Dkt. #24, Ex. A. Defendants do not oppose amendment. See Dkt. #26 (Defendants' Response to Plaintiff's Motion for Leave to File an Amended Complaint). Plaintiff's motion (Dkt. #24) is, therefore, GRANTED. Plaintiff shall file and serve within ten days of the date of this Order a signed amended complaint substantially in the form of Exhibit A to his motion.

Plaintiff's "Motion for Leave to File Amended Complaint," however, fails to comply with the format required by Local Civil Rule 10(e). By filing the non-compliant motion, plaintiff's counsel violated the Court's February 5, 2007 Order that stated:

ORDER GRANTING PLAINTIFF'S MOTION
FOR LEAVE TO FILE AMENDED COMPLAINT
AND ORDER IMPOSING SANCTIONS

> The Court notes at the outset that the format of plaintiff's response fails to comply with Local Civil Rule 10(e). Plaintiff's counsel is strongly urged to comply with the required pleading format in any future filings with the Court. <u>See</u> Appendix A to the Local Civil Rules.

<u>See</u> Dkt. #23 (Order Granting Defendants' Motion to Dismiss) at 3, n.2. Additionally, as defendants assert in their response, plaintiff's counsel failed to properly note the motion in compliance with Local Civil Rule 7(d)(2). <u>See</u> Dkt. #26. Finally, plaintiff's local counsel failed to sign the motion as required by Local General Rule 2(d) ("[A]n associate attorney having an office in this district and admitted to practice in this court . . . shall sign all pleadings prior to filing and otherwise comply with CR 10(e) hereof.").

Under Local General Rule 3(d), attorneys who fail to comply with the Court's orders or the local rules are subject to sanctions as the Court deems appropriate. <u>See also</u> Dkt. #12 (Application for Leave to Appear Pro Hac Vice) ("I, Charles Finkenbinder, understand that I am charged with knowing and complying with all applicable local rules"). In light of plaintiff's counsel's repeated disregard for the Local Rules and the Court's February 5, 2007 order, the Court hereby SANCTIONS plaintiff's counsel in the amount of $100, payable to the Clerk of Court (Sanctions). Plaintiff's counsel is jointly and severally liable for paying the sanction.

DATED this 15th day of March, 2007.

*[signature]*
Robert S. Lasnik
United States District Judge

ORDER GRANTING PLAINTIFF'S MOTION
FOR LEAVE TO FILE AMENDED COMPLAINT
AND ORDER IMPOSING SANCTIONS           -2-